IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| SAMUEL G. HUTCHINSON, III and MARILYN HUTCHINSON )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>M/V MOL ENDURANCE (IN REM), )<br>LUNAR RIVER LINE, S.A. NEW )<br>ASIAN SHIPPING COMPANY, LTD. )<br>And MITSUI O.S.K. LINES, )<br>)<br>Defendants. ) | Case No. CV410-247 |

# ORDER

Before the Court is the defendants' motion to deny plaintiffs a trial by jury in this admiralty case. Doc. 43. Thrusting this Court once more into the murky waters[1] that it found itself in *Miles v. M/V HANSA CALEDONIA*, 245 F. Supp. 2d 1261 (S.D. Ga. 2002), defendants argue that by pleading jury and non-jury claims in their "admiralty" complaint, plaintiffs have forfeited their jury trial rights. *Id.*; doc. 53 at 2-3. Plaintiffs oppose and, for good measure, seek leave to amend their complaint. Docs. 49, 50 & 57. Defendants reply that it is too late, in that

---

[1] "The question of the availability of jury trials in admiralty is unduly complex, resulting in a pattern of bewildering decisions. Metaphysical discussions do not contribute to the solution of the problem. What is called for is the development of practical solutions and their application according to the practical wisdom of trial court judges." 2 ADMIRALTY & MAR. LAW § 21-10 (5th ed. 2011).

plaintiffs have reaped the benefits of Admiralty jurisdiction and thus cannot "have their cake and eat it too," rendering any amendment a futility. Doc. 53 at 5-6; doc. 54 at 3, 4-6. Thus, the Court must resolve the "denial" motion before it can reach the "amend" motion.

## I. BACKGROUND

Invoking admiralty, diversity, *in rem* and *in personam* jurisdiction, plus the Longshore and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(b) and "Georgia law," Samuel G. Hutchinson, III brought this action against a vessel, its owner, and others for his personal injuries. Doc. 29 at 1; *id.* at 2 ¶ 3; *id.* at 3 ¶ 15; *id.* at 6 ¶ 31. He was working as a longshoreman at a Georgia port when, while untying the ship's mooring line from a dock, someone started to reel the line in. This tightened the line so fast that it struck and thus severely injured him. *Id.* at 5 ¶ 22; *see also* doc. 49 at 2. Claiming loss of consortium, his wife joins him as co-plaintiff, doc. 29 at 7 ¶ 36; *id.* at 9 (Count Five); *see also* doc. 50 at 1-2, but for convenience the Court will refer only to Samuel.

In his first amended complaint Hutchinson complied (as he did with his original complaint, doc. 1) with this district's Local Admiralty

Rule 7(a) by inserting "(IN ADMIRALTY)" just below his complaint's caption.[2] Doc. 29 at 1. And, he invoked Fed. R. Civ. P. 9(h)[3] in suing *in rem* the vessel itself, the M/V Mol Endurance. Doc. 29 at 2 ¶ 3 ("Said vessel is subject to attachment and arrest, and [is] liable for all damages *IN REM*, which will or may be awarded to [him]. 28 U.S.C. § 1331; F.R.C.P. § 9(h).").

Under his complaint's introductory section, he has pled diversity jurisdiction under 28 U.S.C. § 1332 to pursue damages exceeding

---

[2] That Rule says, in its entirety:

**Pleadings and parties.**

**(a)** Every complaint filed as a Federal Rule of Civil Procedure 9(h) action shall set forth "In Admiralty" following the designation of the Court, in addition to the statement, if any, contained in the body of the complaint pursuant to such rule.

S. D. Ga. L. Adm. R. 7(a).

[3] Rule 9(h) provides:

**(h) Admiralty or Maritime Claim.**

**(1) How Designated**. If a claim for relief is within the admiralty or maritime jurisdiction and also within the courts' subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Rule 9(h).

$100,000, and alleges diversity of citizenship between himself and *all* defendants.  Doc. 29 ¶¶ 1-15.  In "Count One" (¶¶ 16-31), he alleges that the vessel was negligent under 33 U.S.C. § 905(b) (his LHWCA claim). *Id.* at 3-6.  He concludes that count by alleging that he "brings this action against the vessel M/V MOL ENDURANCE *IN REM* and against the . . . corporate defendants[4] pursuant to the general *maritime* laws of the United States and under Georgia law to the extent applicable, all as allowed and contemplated pursuant to [33 U.S.C.] § 905(b))."  *Id.* at 6 ¶ 31 (emphasis and footnote added).

In Count Two, subtitled "(Complaint *In Rem*)," Hutchinson alleges that the vessel was negligent and proximately caused his injuries, doc. 29 at 6 ¶ 33, and he further alleges that this claim "sounds in admiralty" per 28 U.S.C. § 1331 (the "admiralty" jurisdiction statute).  Doc. 29 at 7 ¶ 28.  In Count Three he sues three of the "*in personam*" corporate defendants "under the general *maritime* laws for all damages proximately caused by said negligent acts and omissions as referenced

---

[4] He sues *in personam* what he calls the "corporate defendants": the vessel's owner, Luna River Line, S.A.; its time charterer, Mitsui OSK Lines; a bareboat charterer, Atlas Shipping Navigation; and its manager, New Asian Shipping Company, Ltd. Doc. 29 at 1, 4; doc. 50 at 2 ¶ 5.

4

above." *Id.* at 8 ¶ 42 (emphasis added). Under Count Four he sues the vessel's manager for safety code violations but specifies no jurisdictional or capacity basis. *Id.* ¶¶ 43-45. Finally, Count Five presents his "Loss of Consortium" count against "the vessel and the Defendants" but specifies no jurisdictional or capacity basis. It is immediately followed by his "WHEREFORE" clause, which demands a "trial by jury to the extent allowed by law. . . ." *Id.* at 9 ¶ 49. He then seeks an *in rem* judgment against the vessel, and an *in personam* judgment against the remaining defendants. *Id.* at 9-10. His (Counts One & Two) "vessel-only" claims, then, sound in admiralty, for which he has elected his non-jury right (this is unnecessary, since he has no jury trial right on them anyway) under Rule 9(h). And he is less than pellucid about whether he wants a jury trial on his remaining (Counts Three-Five) claims.

## II. ANALYSIS

This area of law has evolved chaotically, as detailed by one legal encyclopedist, 9 WRIGHT & MILLER: FEDERAL PRAC. & PROC. § 2315 (2011), who then concludes:

> It would be difficult to defend the fortuitous and irrational pattern just described. It leads to elaborate and learned argument on whether a particular claim is "at law" or "in admiralty," an issue

that "wakes echoes in the deepest metaphysics of admiralty," when "the real core of the jurisdictional controversy is whether a few more seamen can have their suits for damages passed on by federal juries instead of judges."

*Id.* (footnotes omitted). Nevertheless, a survey of the case law presents some bright lines:

> [T]here is no protected right to a jury trial in an admiralty dispute. *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996) ("... as in all admiralty cases, there is no right to a jury trial."); Fed. R. Civ. P. 38(e) ("These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."). However, the savings to suitors clause of 28 U.S.C. § 1333 [(vesting federal courts with exclusive admiralty jurisdiction)] protects "the right of a common law remedy where the common law is competent to give it." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 443, 121 S. Ct. 993, 148 L. Ed. 2d 931 (2001) (internal citation omitted). Therefore, if a case sounding in both admiralty and common law arises from a single incident in which *in personam* jurisdiction is alleged, the plaintiff can choose between filing the complaint in state court based on *in personam* jurisdiction, in federal court based on the applicable jurisdiction, or in federal court pursuant to Rule 9(h) of the Federal Rules of Civil Procedures. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181, 1187 (11th Cir. 2009).

*Se. Marine, LLC v. Motor Yacht OCEAN CLUB*, 2010 WL 2540701 at * 1 (M.D. Fla. Jun. 21, 2010).

But what if the plaintiff wants to, as did the plaintiff if *Miles*, try some claims to the bench and others to a jury? Here Hutchinson never does say whether he wants to try his case that way, as opposed to a jury

trial on all claims against all defendants. *See* docs. 1, 29, 49, 50, 57; *compare Johnson v. Venezuelan Line S. S. Co.*, 314 F. Supp. 1403 (E.D. La. 1970) (Longshoreman's widow, who, alleging diversity of citizenship, sued owners of vessel in personam for longshoreman's death that occurred when he was struck by loaded cargo sling while he was working on wharf, was entitled to the jury trial that she sought on *all* claims against vessel and its owners, though she had also filed *libel in rem* against vessel alleging unseaworthiness).

What is certain, however, is that this case "sound[s] in both admiralty and common law [and] arises from a single incident in which *in personam* jurisdiction is alleged," *Se. Marine, LLC*, 2010 WL 2540701 at * 1, and unlike other cases where the allegations are so vague that courts simply deem an election in admiralty to have been made,[5] that

---

[5] "[I]n [the Fifth C]ircuit a plaintiff who asserts admiralty jurisdiction as a basis for the court's subject matter jurisdiction over a claim has automatically elected under Rule 9(h) to proceed under the admiralty rules, even if she states that her claim is also cognizable under diversity or some other basis of federal subject matter jurisdiction." *Luera v. M/V Alberta,* 635 F.3d 181, 189 (5th Cir. 2011). *Luera* addressed the issue "whether the plaintiff automatically makes a Rule 9(h) election to proceed under the admiralty rules when she specifically asserts only diversity jurisdiction for one claim in the same complaint as a separate claim cognizable only under admiralty jurisdiction." *Id.* The *Luera* court concluded that Luera did not, that both her admiralty and non-admiralty claims could be tried to a jury, and that the matter was controlled by *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 17-23 (1963) (case bearing Jones Act, unseaworthiness and maintenance and cure claims --

cannot be said to be the case here. Hutchinson placed his Rule 9(h) election *only* at the tail end of his complaint's introductory paragraph's *in rem*, LHWCA allegation against the vessel, for which he otherwise held no jury trial right. Doc. 29 at 2 ¶ 3; *Luera*, 635 F.3d at 189; *see also In re Ms Madeleine Schiffahrtsgesellschaft mbH & Co.*, 2009 WL 3296668 at * 10 (S.D. Fla. Jun. 8, 2009) ("the LHWCA "does not provide a right to trial by jury. This is in contrast with a statute like the Jones Act, 46 U.S.C. § 688, that does provide for a jury trial."); 1 ADMIRALTY & MAR. LAW § 7-10 (5th ed. 2011).

He thus did not invoke the rule for his entire case. In fact, in ¶ 15 he invoked diversity jurisdiction and general (presumably Georgia if not "common" law) negligence claims against "all" defendants, thus triggering the "at law" (jury trial right) side of this Court. Yet, in the remainder of his complaint he either expressly invoked admiralty jurisdiction (or "general maritime law") or remained silent on the topic

---

thus jury and non-jury right claims -- could, if plaintiff so sought, all be tried to a jury, as claim-splitting was an "outdated" and "wasteful" practice, where all of the claims arose from the same set of facts). *Id.* at 191-96. However, the *Luera* rule "only applies when it is unclear whether a Rule 9(h) designation was made." *Apache Corp. v. Global Santa Fe Drilling Co.*, 2011 WL 2747575 at * 2 (5th Cir. Jul. 13, 2011). Here it is similarly unclear.

(Counts Four and Five). At the same time, his "Wherefore" clause demands a jury trial "to the extent allowed by law." Doc. 29 at 9.

Defendants insist that all that translates to forfeiture of his jury trial rights: "[B]y bringing the claim *in rem* against a vessel and thereby invoking the Court's exclusive admiralty jurisdiction, and by taking advantage of the special *in rem* procedures available only in admiralty in order to obtain security for their claim, [Hutchinson] waived any right to a jury trial in this case." Doc. 43 at 2. They rely on this Court's treatment of the issue in *Miles*.[6] Doc. 53 at 2-3.

In *Miles*, however, the Court did not focus on the fact that Rule 9(h) is *claim-specific*. *Luera*, 635 F.3d at 189 (Rule 9(h) "applies to 'claims' and not to entire cases."). And after *Miles* the Eleventh Circuit ruled that if a claim can be pled in admiralty and non-admiralty, yet is

---

[6]   There a stevedore foreman who was injured aboard a vessel claimed negligence against its owner *in personam* and the vessel *in rem*. As in this case, he based his action on both diversity and admiralty jurisdiction. 245 F. Supp. 2d. at 1261-62. Miles wanted "to simultaneously try his *in rem* claim (against the vessel) to the bench and his at-law (*in personam*) claim to a jury." *Id*. at 1262. The defendants argued that he had waived any jury trial rights by filing the complaint in admiralty under Rule 9(h). *Id*. This Court ultimately agreed that when a plaintiff asserts both maritime and diversity jurisdiction, invokes Rule 9(h) in his pleadings, and avails himself to admiralty-case benefits, he waives his jury-trial right. *Id*. at 1262-69. It thus struck Miles' jury demand, in part because he "has already reaped the 'admiralty' advantages on his negligence claim ... [so] he cannot now invoke the 'at-law' side of this Court to obtain a jury trial on it." *Id*. at 1268.

not pled in admiralty, then by default it is preservationally deemed a *non*-admiralty claim. *Murphy v. Florida Keys Elec. Co-op. Ass'n, Inc.*, 329 F.3d 1311, 1319-20 (11th Cir. 2003); *Harris v. Flow Intern. Corp.*, 2007 WL 3011267 at * 1 (M.D. Fla. Oct. 12, 2007). This dovetails with the Ninth Circuit's approach:

> "If [Plaintiff] wants the admiralty rules to apply, the plaintiff or other party asserting a *claim* needs to include a statement in the pleadings substantially like the following: 'This is an admiralty or maritime *claim* within the meaning of Rule 9(h).' " 1 STEVEN F. FRIEDELL, BENEDICT ON ADMIRALTY § 133 at 8-67 (7th ed., rev. 2009). "If a *claim* arises within the admiralty jurisdiction and some other basis of federal jurisdiction and the plaintiff ... does not want the admiralty procedures to be applied (for example if it wants to have a jury trial), then the Rules of Civil Procedure do *not* require the plaintiff ... to state anything further." Id. § 133, at 8-68 (parenthetical in original).

*M-Cubed LLC v. Maersk Line Ltd.*, 374 F. App'x 701, 702 (9th Cir. 2010) (emphasis added). These post-*Miles* developments lead the Court to conclude that jury trial rights in this context should, unlike a slice of cake, not be consumed as casually as defendants here urge.[7]

---

[7] The *Luera* court rejected the defendants' rationale:

> Under Appellants' theory, a plaintiff in Luera's position would be left with a Hobson's choice: she could either plead her *in personam* claims together with her in rem claims but waive her right to a jury trial, or she could preserve her right to a jury trial by pleading her *in personam* claims only and forgo a legally

10

Here Hutchinson never clearly said that his non-LHWCA claims sounded in admiralty, and in fact he invoked diversity jurisdiction and demanded a jury trial to the extent supported by law. Still, his complaint is somewhat unclear so, "out of an abundance of caution," he now moves to amend it. Doc. 28. He wants to plead more specific allegations establishing that his *"in personam* claims asserted against the corporate defendants in the Complaint and in the Amended Complaint are based entirely on diversity of citizenship." Doc. 50 at 3 ¶ 8. As such, he moves:

> for leave to amend and recast the allegations of the Complaint and the Amended Complaint so as to more fully articulate that the

---

> cognizable *in rem* claim. Plaintiffs should not be required to make such a choice when a third option remains -- upholding the constitutional guarantee of a jury trial for the *in personam* claims.

635 F.3d at 195. "Too bad," defendants essentially respond, doc. 53 at 4-5, relying on their "cake and eat it too" metaphor. They rely on cases like *Brotherhood Shipping Co. v. St. Paul Fire & Marine Insurance Co.*, 985 F.2d 323, 326 (7th Cir. 1993) (a plaintiff should not be permitted to withdraw a Rule 9(h) election after taking advantage of an interlocutory appeal available in admiralty under 28 U.S.C. § 1292(a)(3)), which are distinguishable because this case is still in its "front end phase" (the complaint has not even been fully answered), not further on (*e.g.*, into an admiralty-authorized interlocutory appeal stage, *Brotherhood*, 935 F.2d at 326) and the tactical advantage gained here (vessel attachment preliminaries) are simply too marginal to justify what defendants seek: forfeiture of a Seventh Amendment jury trial right. That is why plenty of cases have held that the initial Rule 9(h) election is simply *not* irrevocable. *See, e.g., Anderson v. American Oil Company of Baltimore*, 60 F.R.D. 676, 678 (S.D. Ga. 1973) ("[R]esort to Rule 9(h) is not a point of no return for a plaintiff. 'The pleader's identification of his claim as an admiralty or maritime claim or his failure to do so is not an irrevocable election.'"); *Gonzalez v. M/V Destiny Panama*, 203 F.R.D. 673, 676 (S.D. Fla. 2001) (collecting cases).

11

claim *in rem* against the vessel is premised upon admiralty jurisdiction, but that the remaining claims against the individual defendants are premised exclusively upon diversity jurisdiction and are not based upon admiralty jurisdiction.

*Id.* at 3 ¶ 9. Defendants oppose. Doc. 54.

The above-noted factors mitigate in favor of denying defendants' "forfeiture" motion and granting Hutchinson's amendment motion.[8] In that respect, if "there is no prejudice to the court or to the defendants, a plaintiff should be permitted to amend her complaint to change [his] Rule 9(h) election." *Luera*, 635 F.3d at 187. In fact,

> [a] plaintiff's Rule 9(h) election is subject to the liberal standards for amending pleadings in Rule 15(a)(2), which provides that "[t]he court should freely give leave [to amend] when justice so requires." We have said that "Rule 9(h) is not a harsh rule," and "[t]he pleader's identification of his claim as an admiralty or maritime claim or a failure to do so is not an irrevocable election," 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1314 (3d ed. 2004).

---

[8] Defendants also point to plaintiff's compliance with L. Adm. R. 7(a) (requiring any plaintiff who invokes Rule 9(h) to inscribe "In Admiralty" on the face of their complaint) as a reason to deny him his request for a jury trial. Doc. 44 at 8. That argument fails. Rule 7(a) -- which assists the docketing clerks in their case processing duties -- *forces* plaintiffs to imprint that phrase on their complaints. Branding (and for bureaucratic convenience at that) one's complaint "In Admiralty," then, cannot be said to be a voluntary election to have all of the claims within it also sound in admiralty. And no local rule can trump established law that, "[b]ecause the plaintiff is the master of his complaint, he alone 'has the exclusive power to invoke diversity jurisdiction.' *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005)." *Everett v. Atlantic Sounding Co., Inc.*, 2008 WL 4443047 at * 2 (E.D. La. Sep. 26, 2008). Plaintiffs are otherwise free to invoke common law and jury-right-enabling statutes to obtain a jury trial in "admiralty-filed" cases. *Luera*, 635 F.3d at 189-90.

*Id.* (cite omitted).

Here a new defendant was added on February 18, 2011, doc. 29 at 2 ¶ 9 (Atlas Shipping Navigation, S.A.) and has yet to file an Answer. And last month the American Longshore Mutual Association intervened, doc. 58, with answers to its Third Party Complaint filed just last month and this month. Docs. 59 & 60. No Fed. R. Civ. P. 26 Conference has been held, and no Scheduling Order has been entered. And no material prejudice to the Court or any of the defendants has been shown to occur in allowing Hutchinson leave to amend. *See Gonzalez*, 203 F.R.D. at 676 (motion for leave to amend complaint to delete invocation of admiralty and maritime jurisdiction to preserve jury trial demand would be granted, where plaintiffs obtained no tactical advantage by initially proceeding under admiralty jurisdiction; in light of fact that demand for jury trial was made in both initial complaint and amended complaint, defendants would suffer no prejudice since the same proof and witnesses would be required regardless of the mode of trial).

Hutchinson's "amend" motion therefore is **GRANTED**, doc. 50, and the defendants' "denial" motion is **DENIED**. Doc. 43. Note that

"when one of a plaintiff's claims carries with it the right to a jury trial, the remaining claims, though premised on admiralty jurisdiction, may also be tried to a jury 'when both arise out of one set of facts.'" *Luera*, 635 F.3d at 195 (quoting *Fitzgerald*, 374 U.S. at 21). Hutchinson shall so clarify in his amendment whether he wants all of his claims tried to a jury.

**SO ORDERED** this 21st day of September, 2011.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA